UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NO. 5:03CV-00240-R

WESTLAKE VINYLS, INC.                                                                                    PLAINTIFF

V.

GOODRICH CORPORATION                                    DEFENDANT/THIRD PARTY PLAINTIFF

V.

POLYONE CORPORATION                                                           THIRD PARTY DEFENDANT

**MEMORANDUM OPINION**

On July 28, 2005, counsel for the parties appeared before the court for a hearing regarding whether Westlake may have waived any applicable claims of privilege with respect to certain documents (a box of documents from Steve Duym's office, two additional files, and a log book), that were discovered by counsel for Goodrich and PolyOne during a recent document review. After considering the arguments raised in the parties' pleadings, and hearing oral argument from counsel, the magistrate judge concludes that PolyOne's motion to compel production of these documents should be denied.

In reaching this conclusion, the magistrate judge has balanced a number of factors that have been recognized by other courts addressing this type of problem. *See, e.g., Edwards v. Whitaker*, 868 F. Supp. 226, 228 (M.D. Tenn. 1994); *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 671 (D. Mich. 1995). Those factors are:

        1.    The reasonableness of the precautions Westlake took to prevent the inadvertent disclosure of the documents;
        2.    The number of inadvertent disclosures;
        3.    The extent of the inadvertent disclosure;
        4.    The promptness of the measures Westlake took to rectify the situation; and
        5.    Whether the interests of justice would be served by relieving Westlake of

        the error.

Both Westlake and PolyOne generally agree that the factors addressed in *Edwards* and *Fox* should govern the magistrate judge's analysis here.  They disagree markedly about the conclusions that should be reached from an analysis of those factors.

      Although the magistrate judge finds both sides'[1] arguments to be articulate and well made, Westlake's are more compelling.   During the document review, hundreds of thousands of documents were produced for a multi-day review session.  Some were produced electronically, others in paper format.  Westlake dispatched a team of between four and six attorneys and paralegals to review the documents for privilege.  Thus, it is clear that Westlake was taking seriously its obligations to protect any privilege that might apply to the documents produced for review.

      In addition, Westlake asked both Goodrich and PolyOne to enter into a clawback agreement, whereby the parties agreed that, if any of them discovered that privileged documents had been inadvertently produced, they would inform the producing party of the error, return the documents, and not produce any notes.  Goodrich signed the agreement.  PolyOne did not, but acknowledged to the court at the July 28, 2005, hearing that a tacit agreement was in place, and that PolyOne itself had suggested a clawback agreement.

      On the first day of review, Goodrich and PolyOne's attorneys discovered a box of putatively privileged documents, along with two files and a log book that were also labeled as

---

[1] The magistrate judge recognizes that Goodrich is also a party to this action.  Its counsel informed the court, however, that although it would not object to receiving the documents at issue, it had formally entered into a clawback agreement with Westlake and, therefore, did not really have a dog in this fight.

privileged. Standing alone, this amount of documents might be considered to be a relatively large volume. When viewed in relation to the total number of documents produced, however, the amount is small. This may explain why, as Westlake alleges, a clerical employee accidentally included the documents among those transported to the review room the night before.[2] Regardless, the error was discovered at the end of the day, and Westlake immediately took steps to retrieve the documents and the opposing parties' notes. Goodrich agreed to Westlake's request that the copies and notes be destroyed or returned. PolyOne initially refused, but eventually agreed pending the outcome of the court's resolution of its motion to compel.

It therefore appears that Westlake's precautions against inadvertent disclosure were more than reasonable, the disclosures were limited in extent and number, and that Westlake promptly identified its error and took steps to rectify it. Moreover, the interests of justice warrant relieving Westlake of its mistake. As noted previously, PolyOne admits that it had tacitly entered into a clawback agreement with Westlake. PolyOne argues, however, that Westlake terminated the unwritten agreement when it refused to return an allegedly privileged document prepared by one of PolyOne's consultants. The court does not find that argument to be particularly persuasive, especially since the document was produced to Westlake as part of Goodrich's response to a court order.

PolyOne asserts that the interests of justice mandate production of the documents because they allegedly establish that Westlake may have violated one or more environmental laws. That

---

[2] PolyOne questions how a clerical employee could have "accidentally" delivered the documents at issue to the review room given the number of supervisory legal staff that were present on site. The magistrate judge notes that even with the most careful supervision, clerical accidents can happen. There is no basis to find a misrepresentation to the court. The magistrate judge will, therefore, accept Westlake's counsel's representations regarding this issue.

argument could eventually have some merit, and can be addressed later, in the context of whether Westlake may properly claim privilege with respect to the documents.  It is not persuasive with respect to whether the any privilege was inadvertently waived during the recent document review.  Accordingly, for the reasons stated in this memorandum opinion, the court will enter a separate order denying PolyOne's motion to compel.

    DATE:

cc: counsel of record (via facsimile and U.S. mail)