UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NO. 5:03-CV-00240-R

WESTLAKE VINYLS, INC.                                                                    PLAINTIFF

V.

GOODRICH CORPORATION                          DEFENDANT/THIRD-PARTY PLAINTIFF

V.

POLYONE CORPORATION                                           THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION

Westlake Vinyls, Inc., has filed an objection (docket no. 402) to the Magistrate Judge's March 6, 2007, Order (docket no. 394), which denied Westlake's motion to compel production of certain documents relating to insurance payments received by Goodrich (docket no. 346). By Order entered concurrently with this Memorandum Opinion, that Motion will be sustained in part. Given the convoluted trail of orders, motions, and objections by the various parties and judges involved in this matter, however, the Court finds it worthwhile to clarify the procedural history of this particular issue as it renders and explains its opinion.

**I.**

On March 30, 2006, the Magistrate Judge issued an Order (docket no. 247) that disposed of several pending discovery issues, including whether Goodrich and PolyOne were entitled to withhold certain documents from discovery on the basis of an asserted "common interest privilege." *See* March 30, 2006, Order at ¶ 19 (docket no. 247). Apparently, Goodrich and PolyOne had briefly attempted to resolve their differences and work cooperatively together in pursuit of a common goal regarding the issues presented in this matter before they ultimately

became adversaries in this litigation. In a ruling that deemed the temporal scope of any "common interest" endeavors to be limited, the Magistrate Judge ordered Goodrich and PolyOne to produce certain documents they had previously withheld on the basis of an asserted "common interest privilege." The ruling also stated, however, that any of the documents properly withheld on the basis of another privilege, such as the attorney-client privilege or the work-product privilege, and any "documents created in furtherance of settlement negotiations" need not be produced. *See* March 30, 2006, Order at ¶19 (docket no. 247). Although the Order did not cite specifically to *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)(establishing a federal discovery privilege with respect to documents created for the purpose of furthering settlement negotiations), the citation can fairly be assumed and, regardless, the portion of the order that protected from discovery any documents created in furtherance of settlement negotiations, is in keeping with the holding in *Goodyear*.

Shortly thereafter, the Magistrate Judge issued another Order (docket no. 252), which amended paragraph 19 of the March 30, 2006, Order. That amending Order appears intended to clarify several issues pertaining to the documents formerly withheld from discovery on the basis of a "common interest privilege," specifically the extent of any waiver of privilege that might have occurred during a time when Goodrich and PolyOne disclosed documents to each other and to their current and former affiliates and subsidiaries (*e.g.,* Geon). Paragraph (a), however, stated in its entirety:

> (a) Neither Goodrich nor Poly one [*sic*] shall be required to produce at this time any portions of "pre-July 7, 2003" documents that pertain to settlement negotiations among the parties. Such documents may be produced in redacted form.

*See* April 20, 2006, Order (docket no. 252). That language is arguably broader than the language

-2-

of the first Order in that it protects from discovery not merely documents created in furtherance of settlement negotiations, but "documents that *pertain* to settlement negotiations" (emphasis added).

In addition, in paragraph (e) of the April 20, 2006, Order, the Magistrate Judge also indicated his present unwillingness to take any action that would disturb a specific order regarding Goodrich's asserted "common interest privilege" that was issued by Judge Bond in *Goodrich v. Commercial Union* (Court of Common Pleas, Summit County, Ohio, Case No. CV 1999-02-0410). The Magistrate Judge did not cite to any particular doctrine of federal court abstention, but expressed a limited degree of deference to federal/state relations.

Westlake promptly objected to the amending Order (*see* docket no. 257) arguing principally that the Magistrate Judge erred by finding a "common interest" between Goodrich and PolyOne that was entitled to privilege, and that the Magistrate Judge improperly had deferred to Judge Bond's ruling. Out of what was presumably an abundance of caution, Westlake also objected to the April 20, 2006, Order as permitting Goodrich and PolyOne to withhold documents on the basis of a so-called evidentiary "settlement privilege" that Westlake interpreted as potentially broader in scope than the privilege (1) actually created by *Goodyear,* (2) clearly recognized in the Magistrate Judge's March 30, 2006, Order, and (3) arguably expanded by the Magistrate Judge's amending Order dated April 20, 2006 (*see* docket no. 257 at pp. 9-11).

What initially appeared to be Westlake's overly-abundant caution may not have been without rational basis, however, because during the pendency of Westlake's Objection (docket no. 257), Goodrich withheld from discovery not only documents created in furtherance of

settlement negotiations between it at PolyOne in this matter, and documents created in furtherance of negotiations between it and its insurers as they attempted to settle the *Commercial Union* state-court litigation over which Judge Bond is presiding, but went further and withheld from discovery documents designated as confidential in the *Commercial Union* litigation (including not just documents created in furtherance of settlement negotiations, but also *finalized settlement agreements*).  Goodrich also asserted that this Court should defer to recent rulings of Judge Bond on the discoverability of those documents because the Magistrate Judge's March 30, 2006, order had established that such deference is warranted in this case.

Westlake then filed a motion to compel the discovery of those documents (docket no. 346), which the Magistrate Judge denied in an Order dated March 6, 2007 (docket no. 394) without prejudice to Westlake's right to renew its motion within five days of this Court's ruling on Westlake's Objection to the April 20, 2006, Order.   Shortly thereafter, this Court overruled Westlake's Objection to the April 20, 2006, Order, and affirmed the Magistrate Judge's April 20, 2006, ruling (*see* docket no. 413).

In deciding to affirm the Magistrate Judge's March 30, 2006, and April 20, 2006, Orders, and in spite of the differences in the language of the Orders, this Court read the Orders as protecting from discovery only those documents created in furtherance of settlement negotiations (which was in keeping with the Sixth Circuit's *Goodyear* decision and therefore unremarkable) and expressing an unwillingness to take action contrary to Judge Bond's with respect to one very narrow issue regarding the existence of a common interest between Goodrich and PolyOne. Both sides have interpreted this Court's decision to affirm the Magistrate Judge's Orders as a ruling that a settlement privilege exists and that it extends not only to the *discovery* of documents

created in furtherance of settlement *negotiations*, but also to the discovery of finalized settlement agreements and internally created documents pertaining to settlement proceeds, and potentially extends to the admission into evidence of any such documents. With due respect to the counsel involved in this matter, that is not what this Court intended.

Those mis-impressions can now be corrected because Westlake has objected to the Magistrate Judge's March 6,2007, Order denying its Motion to Compel documents establishing the amount, timing and allocation of insurance recoveries related to Goodrich's remediation costs at the Calvert City, Kentucky, Site that is the subject of this litigation (*see* docket no. 402).

**II.**

The Sixth Circuit's decision in *Goodyear* holds that communications made in furtherance of settlement negotiations are not discoverable. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979, 983 (6th Cir. 2003). Its ruling is thus quite limited. Yet, subsequent opinions by lower courts frequently use a misnomer when referring to *Goodyear* decision and tend to refer to it as creating a "federal settlement privilege," which implies a far more expansive ruling than the *Goodyear* panel announced. *See, e.g., Grupo Condumex S.A. de C.V. v. SPX Corp.,* 331 F. Supp. 2d 623, 629 (N.D. Ohio 2004). *Goodyear* does not create a broad privilege protecting from discovery any document or communication arguably related to settlement negotiations, fruitful or otherwise. Rather, by its own language, it protects only "communications made in *furtherance* of settlement." *Goodyear*, 332 F.3d at 983 (emphasis added). As such, documents such as *finalized* settlement agreements, regardless of whether the parties designate them confidential, and other documents withheld by Goodrich are not

necessarily protected from third-party discovery.[1]

Subsequent opinions by lower courts have also noted that the *Goodyear* case, like this one, was a diversity case, and as such, should have been governed by the controlling state's law of privilege. *See, e.g., id.* This Court shares its sister district courts' "latent misgivings" about the propriety of the rule announced in *Goodyear*, but like those courts, is bound to apply governing Sixth Circuit precedent.  This Court is not, however, bound by the decisions of Judge Bond in the *Commercial Union* litigation.  There are times when a federal court should decline to exercise or postpone the exercise of its jurisdiction (*e.g., Younger* abstention, *Colorodo River* abstention), but those circumstances are narrow and infrequent, and none apply here.  The Magistrate Judge's temporary reticence to take action regarding a circumscribed issue addressed by Judge Bond in Ohio does not in any way limit, or suggest that limits be placed on, the decision-making scope of this federal District Court with respect to subsequent rulings by Judge Bond.

Accordingly, this Court will enter an order sustaining Westlake's Objection to the Magistrate Judge's Order denying its Motion to Compel (docket no. 394) and will direct Goodrich to produce for inspection and copying all non-privileged documents establishing the amount, timing, or allocation of Goodrich's insurance recoveries related to remediation costs at the Calvert City site.  To the extent necessary to resolve any confusion among the parties, this

---

[1] It goes without saying, however, that a party seeking the discovery still has the burden of proving that any settlement agreement sought must contain information relevant to the claim or defense of any party and, must be either admissible at trial, or reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1).  Westlake has, in the Court's opinion, made a sufficient showing that the items it seeks are both relevant and at least reasonably calculated to lead to the discovery of admissible evidence.  Whether the evidence will actually be *admissible* will be determined at the appropriate time.

Court will also amend its prior Order (docket no. 413) to clarify that it does not interpret *Goodyear*, or any other binding law as creating a "settlement privilege" broader in scope than one which shields from discovery communications made, or documents created, for the specific purpose of furthering settlement negotiations. *Goodyear,* 332 F.3d at 979 (6th Cir. 2003). Given the understandably sensitive nature of the documents requested, however, and with an appropriate but limited degree of sensitivity to the wishes of the participants in the *Commercial Union* litigation, the Court will require the parties to designate and treat the produced documents as "Highly Confidential" within the meaning of the Protective Order in effect for this case (*see* docket no. 121).

### III.

For the reasons stated herein, Westlake's Objection to the Magistrate Judge's Order shall be sustained by a separate order consistent with this Memorandum Opinion.

DATE:


cc:    counsel of record