UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:03CV-240-R

WESTLAKE VINYLS, INC.                                                                  PLAINTIFF

v.

GOODRICH CORPORATION                                                             DEFENDANT;
                                                                            THIRD PARTY PLAINTIFF

v.

POLYONE CORPORATION                                                  THIRD PARTY DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Goodrich Corporation's Motion to Exclude Westlake Vinyls, Inc.'s Designations of Testimony from the Commercial Union Litigation (Docket #671). Westlake has filed a response (Docket #683). This matter is now ripe for adjudication. For the reasons that follow Goodrich's Motion to Exclude is DENIED.

## BACKGROUND

In its pretrial compliances submitted August 31, 2007, Westlake designated deposition, trial, and post-hearing testimony from fifteen witnesses from prior litigation between Goodrich and its excess insurers before the Summit County Court of Common Pleas in the State of Ohio, styled *Goodrich Corporation fka B.F. Goodrich Co. v. Commercial Union Co, et al*, CV-99-02-0410 (the "Commercial Union Litigation"). Westlake indicates that these witnesses do not reside within the Commonwealth of Kentucky or within 100 miles of the Court, and thus are unavailable pursuant to FED. R. EVID. 804. Westlake also states that because of health issues or other reasons, many of these witnesses were not made available by Goodrich for deposition in the present litigation. Westlake

also designated non-testimonial argument from Goodrich's trial lawyers in the Commercial Union trial.

## STANDARD

Relevant evidence is that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. All relevant evidence is admissible. FED. R. EVID. 402. Although evidence is relevant, it may be excluded if its probative value is substantially outweighed by unfair prejudice. FED. R. EVID. 403. Unfair prejudice "does *not* mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988).

A party seeking to admit a deposition at trial must prove that the requirements of FED. R. CIV. P. 32(a) have been met. *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990). Rule 32(a)(3) provides that the deposition of a witness may be used by any party for any purpose if the court finds that the witness is dead; the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States; the witness is unable to attend because of age, illness, infirmity, or imprisonment; or if the party offering the deposition has been unable to procure the attendance of the witness by subpoena. Where an action has been brought in any court of the United States or of any State and another action involving the same subject matter is later brought between the same parties or their representatives or successors in interest:

> all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor. A deposition previously taken may also be used as permitted by the Federal Rules of Evidence.

FED. R. CIV. P. 32(a)(4).

Evidence which is hearsay is inadmissible except where otherwise provided. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801. Pursuant to FED. R. EVID. 804(b)(1),

> [t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination

is not excluded by the hearsay rule if the declarant is unavailable as a witness. A statement is not hearsay if it is offered against a party and is:

> (A) the party's own statement in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the course of the relationship.

FED. R. EVID. 801(d)(2).

## DISCUSSION

Goodrich argues that none of the designated Commercial Union Litigation testimony is admissible because it constitutes impermissible hearsay in violation of FED. R. EVID. 801; it is irrelevant and thus inadmissible under FED. R. CIV. P. 402; and, even if relevant, it should be excluded under FED. R. CIV. P. 403 because its prejudicial and confusing effect outweighs its probative value. Goodrich asserts that legal arguments made by Goodrich's outside counsel in the Commercial Litigation have no relevance to this litigation, are non-testimonial in nature, and constitute inadmissible hearsay.

3

**I.     HEARSAY**

Westlake asserts that the testimony at issue qualifies as a party admission, and, therefore, is not hearsay pursuant to FED. R. EVID. 801(d).  Goodrich does not address this argument in its motion.

The testimony Westlake seeks to offer is to be offered against Goodrich and therefore satisfies the first prong of FED. R. EVID. 801(d).  Westlake states that depending on the witness the designated testimony is Goodrich's own statement made in either an individual or a representative capacity, a statement of which Goodrich has manifested an adoption or belief in its truth, a statement by a person authorized by Goodrich to make a statement concerning the subject, or a statement of Goodrich's agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship.  If Westlake can make such a showing, the testimony would qualify as non-hearsay pursuant to FED. R. EVID. 801(d).

Westlake states that in the event any of the testimony at issue is not deemed a party admission, the testimony is still admissible under the former testimony exception to the hearsay rule of FED. R. EVID. 804(b)(1), because each witness at issue is unavailable.  Goodrich states that the testimony fails to satisfy FED. R. EVID. 804(b)(1) because the Commercial Union Litigation and the current litigation address completely distinct issues.  Goodrich indicates that the issue of Westlake's contamination was never addressed or considered in the Commercial Union Litigation, rather the case addressed the nature of the releases of EDC into the soil and groundwater at Goodrich's Calvert City, Kentucky vinyl plant, specifically whether Goodrich's EDC contamination was caused by sudden and accidental events or instead was caused entirely by gradual leakage or seepage of pollutants at the plant.  Here, neither party has given a description of the nature of the former

testimony sought. While Goodrich may not have had a similar motive to develop the testimony in the Commercial Union Litigation as it would have in the present case in regard to certain issues, that may not be the case as to every issue. Based on the record before it, this Court cannot make a determination as to whether this testimony would be admissible pursuant to the hearsay exception of FED. R. EVID. 804(b)(1).[1]

## II.   RELEVANCE

As discussed above, Goodrich indicates that the issue of Westlake's contamination was never addressed or considered in the Commercial Union Litigation, rather the case addressed the nature of the releases of EDC into the soil and groundwater at Goodrich's Calvert City, Kentucky vinyl plant, specifically whether Goodrich's EDC contamination was caused by sudden and accidental events or instead was caused entirely by gradual leakage or seepage of pollutants at the plant. Goodrich therefore argues that any testimony in the Commercial Union Litigation is not relevant to the issues before this Court. Here, neither party has given a description of the nature of the former testimony sought. Although the issues underlying the two cases may have been different, that does

---

[1] The Court has examined Goodrich's "law of the case argument" concerning Magistrate Judge Connelly's Opinion quashing Westlake's March 7, 2007 subpoena of Steve Larson, a testifying expert for Goodrich in the Commercial Union Litigation. Magistrate Judge Connelly found that Larson did not consider Westlake's contribution to the contamination at the Calvert City Site. Magistrate Judge Connelly determined that the focus of the litigation in the two cases was different, stating that in the Commercial Union Litigation Goodrich sought a declaration that Goodrich's insurance carriers had a duty to defend and/or indemnify it against claims filed by the federal government under the Comprehensive Environmental Response, Compensation, and Liability Act; whereas in the instant case the key dispute is which entity caused the contamination at the Site. While this Court is respectful of Magistrate Judge Connelly's opinion, this Court finds that he did not consider the issue of insurance under Section 8.4(e) of the 1990 Amended and Restated Master Conveyance Agreement, under which Goodrich sold the EDC/VCM Plant to Westlake, and Section 8.4(d) of the 1997 Purchase and Sale Agreement, under which Goodrich sold the CA&O Plant to Westlake. As this issue of import was not considered, the Court finds that it cannot be bound by Magistrate Judge Connelly's opinion.

not resolve the issue of relevance. Without a better understanding of the testimony sought to be introduced, this Court is incapable of making a relevance determination at this time. Additionally, because the Court is not in a position to make a relevance determination, the Court also cannot make a determination as to whether the prejudicial effect of the evidence sought to be offered would outweigh its probative value.

## CONCLUSION

For the foregoing reasons Goodrich's Motion to Exclude Westlake's Designations of Testimony from the Commercial Union Litigation is DENIED. This issue can be easily resolved if Goodrich would agree to produce these witnesses live at trial. In that manner the Court can easily address the issue of relevance. This could likewise streamline the presentation of evidence. The Court strongly encourages Goodrich to produce these witnesses at trial.

An appropriate order shall issue.