UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:03CV-240-R

WESTLAKE VINYLS, INC.                                                        PLAINTIFF

v.

GOODRICH CORPORATION                                                      DEFENDANT;
                                                             THIRD PARTY PLAINTIFF

v.

POLYONE CORPORATION                             THIRD PARTY DEFENDANT


**MEMORANDUM OPINION**

This matter comes before the Court on Westlake Vinyls Inc.'s Motion in Limine to Exclude Evidence or Argument Concerning the Environmental Resources Management ("ERM") Report (Docket #670). PolyOne Corporation filed a response (Docket #625). Although it did not file a memorandum in opposition to the motion, Goodrich Corporation indicated that it opposed the substance of Westlake's Motion (Docket #625). For the following reasons Westlake's Motion in Limine is GRANTED.

**BACKGROUND**

In early 2005, in response to a motion to compel filed by Westlake, Goodrich produced documents that were considered by Goodrich's testifying expert, Dr. Edward McBean, in formulating his opinions in two affidavits that were filed in the case. One of the documents produced by Goodrich was a 2002 report prepared by ERM, an environmental consulting firm engaged by PolyOne to investigate, among other things, the extent of Westlake's contamination at the Site. In the three-page ERM Summary Report, ERM concluded that, as of 2002, Westlake was

responsible for eighty-five percent of the contamination at the Site.  "Detailed presentation of quantitative information including methods of analysis, calculations, documented field observations, and results of laboratory analyses" were beyond the scope of the summary report.

In March of 2005, Westlake issued a subpoena to ERM to discover all materials underlying the ERM Summary Report.  On April 22, 2005, PolyOne filed a motion for protective order seeking to prevent Westlake from discovering "documents, facts, opinions, testimony or any other information from [ERM] related to its work for PolyOne's attorneys at the [Site] by subpoena or otherwise."

On August 5, 2005, Magistrate Judge Moyer granted PolyOne's motion for protective order, ruling as follows:

> With the exception of the three-page summary report already produced by Goodrich, Westlake is not entitled at this time to discover (by deposition, subpoena, or otherwise) ordinary and opinion work product produced by PolyOne's non-testifying expert, Environmental Resource Management, Inc., at PolyOne's request.  This order does not prejudice Westlake's ability to later request leave of court to discover specific information.  Pursuant to the applicable rules of discovery and relevant case law, Westlake's burden of establishing justification for such a request will be high, however.

On May 10, 2006, a discovery order was entered by Magistrate Judge Moyer, requiring the parties to disclose all analytical data.  Analytical data was defined in the order to mean:

> [A]ll data that measures or otherwise reflects the physical or environmental conditions of air, soil, soil subsurface, surface water, sediments, groundwater, or soil vapor (including without limitation, waste characterization data and any data that has been obtained by a party in anticipation of pending litigation or administrative actions, but excluding any interpretation, analysis or reduction of data),
>
> (A) that is
>
> (1) obtained or generated by any of the parties, or their agents, retained experts (including non-testifying experts), or contractors,

> (2) in any of the parties' possession, or
>
> (3) under an of the parties' control; and
>
> (B) pertains to the environmental condition of the Calvert City Site . . .

Westlake states that as a result of PolyOne's assertion of privilege, Westlake has obtained no discovery on the opinions and conclusions set forth in the ERM Summary Report. Westlake states that because PolyOne prevented discovery on the ERM Summary Report it would be patently unfair and prejudicial to allow PolyOne or Goodrich to rely upon that Report or any of its contents at trial. Westlake also claims that the ERM Summary Report is hearsay.

### STANDARD

Relevant evidence is that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. All relevant evidence is admissible. FED. R. EVID. 402. Although evidence is relevant, it may be excluded if its probative value is substantially outweighed by unfair prejudice. FED. R. EVID. 403. Unfair prejudice "does *not* mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988).

Evidence which is hearsay is inadmissible except where otherwise provided. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801. Federal Rule of Evidence 803 provides an exception to the hearsay rule:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

FED. R. EVID. 803(6). The Sixth Circuit holds that a document is admissible under the rule if it satisfies the following four requirements:

(1) it must have been kept in the regular course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

*Bondie v. Bic Corp.*, 947 F.2d 1531, 1534 (6th Cir. 1991) (quoting *Redken Labs. v. Levin*, 843 F.2d 226, 229 (6th Cir. 1988)).

## DISCUSSION

Westlake argues that the ERM Summary Report is inadmissible hearsay under Rule 801. Westlake states that as it would have no opportunity to cross-examine the authors of the ERM Summary Report, there is no basis to admit the report into evidence or allow PolyOne or Goodrich to make any reference to the report. PolyOne claims that the ERM Summary Report is admissible under the Rule 803(6) exception to the hearsay rule. PolyOne states that ERM, the author of the report, is a large international engineering company that regularly investigates and offers opinions on environmental conditions related to soil and groundwater at sites around the country. PolyOne also states that the ERM Summary Report was written after an extensive onsite investigation of soil

and groundwater conditions at the plant and from environmental data generated for the state and federal government pursuant to the requirements of Goodrich's RCRA Permit.

PolyOne fails to meet the standard required under the Rule 803(6) exception. While PolyOne states that ERM regularly investigates and offers opinions on environmental conditions related to soil and groundwater at sites around the country, it does not indicate that ERM regularly conducted investigations and offered opinions on conditions at the Calvert City Site. Thus, the ERM Summary Report is hearsay.

## CONCLUSION

For the foregoing reasons Westlake's Motion in Limine to Exclude Evidence or Argument Concerning the ERM Report is GRANTED.

An appropriate order shall issue.