UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:03CV-240-R

WESTLAKE VINYLS, INC.                                                                       PLAINTIFF

v.

GOODRICH CORPORATION                                                                  DEFENDANT;
                                                                                      THIRD PARTY PLAINTIFF

v.

POLYONE CORPORATION                                                                    DEFENDANT;
                                                                                      THIRD PARTY PLAINTIFF

**OPINION AND ORDER**

This matter is before the Court on Goodrich Corporation's ("Goodrich") Motion in Limine No. 4: To Exclude Evidence of Liability Insurance and Insurance Settlement Negotiations and Agreements (Docket #583). Westlake Vinyls, Inc. ("Westlake") has replied (Docket #629). This matter is ripe for adjudication.

Goodrich seeks to exclude the introduction of any evidence of negotiations or settlements between Goodrich and its excess insurers under Federal Rule of Evidence 408. Goodrich also seeks to exclude any evidence of Goodrich's liability insurance under Federal Rule of Evidence 408. For the following reasons, the Court finds that Goodrich's reliance on these provisions is misplaced, and such evidence may not be excluded.

In Sections 8.2 and 8.3 of the Amended and Restated Master Conveyance Agreement ("1990 Agreement") between the parties, Goodrich and Westlake agreed to indemnify the other from and against any liability resulting from, arising out of, or occurring in connection with "remediation of any soil, surface water and/or groundwater resulting from or attributable to

events occurring" during the period each party owned the Site. In Section 8.4(e) of the 1990 Agreement, the parties included limitation on liability and agreed that:

> Nothwithstanding any provision to the contrary included in this Section 8, [Westlake] and Goodrich each hereby waive the right, for either itself or its subsidiaries, to be indemnified by the other party hereunder *to the extent of (i) any insurance proceeds or other recovery received by it or its subsidiaries with respect to the Liabilities for which indemnification would otherwise be required* hereunder, in excess of the amount of the deductibles under the insurance policies of each party and its subsidiaries, or (ii) to the extent of any reduction of any taxes realized by the occurrence of a Liability after taking into account any taxes imposed on any indemnity payment.

Further, in Section 8.3 of the Purchase and Sale Agreement ("1997 PSA"), Westlake agreed to "indemnify and save [Goodrich] harmless from and against any Liability which results from, arises out of or occurs in connection with," among others, "remediation of any soil, surface water and/or groundwater resulting from or attributable to events occurring from and after the Closing Date and arising from or in any way incident to the ownership, use and/or operation of the CA&O Plant by Westlake after the Closing Date." In Section 8.2, Goodrich provided a reciprocal indemnity to Westlake with respect to contamination release before the closing date "but excluding any condition or event existing, arising, or occurring at, on, over or under the CA&O Plant for which Westlake indemnified [Goodrich] pursuant to Section 8.3(c) of the [1990 Agreement]." In Section 8.4(d) of the 1997 PSA, the parties included another limitation on liability:

> Notwithstanding any provision to the contrary included in this Article 8, Westlake and [Goodrich] each hereby waive the right, for either itself or its subsidiaries, to be indemnified by the other party hereunder *to the extent of any insurance proceeds or other recovery received by it or its subsidiaries with respect to the Liabilities for which indemnification would otherwise be required* hereunder, but such party reserves the right to be indemnified for the amount of the deductibles under such applicable insurance policies of each party and its subsidiaries.

Section 8.4(e) of the 1990 Agreement and Section 8.4(d) of the 1997 PSA are contractual provisions limiting each party's liability to the other to the extent of any insurance proceeds or other recovery they may recover from insurers or third parties for their respective cleanup costs associated with any contamination at the Site.  Goodrich has asserted a counterclaim against Westlake in this case, claiming that Westlake has released hazardous substances into the soil and groundwater at the Site, and Goodrich has therefore incurred response costs for the remediation of that contamination.  Goodrich claims this has caused it to incur a liability as defined in both the1990 Agreement and the 1997 PSA, and Westlake has an obligation to indemnify and hold Goodrich harmless for that liability.  Pursuant to the parties' agreements, Section 8.4(e) of the 1990 Agreement and 8.4(d) of the 1997 PSA serve to limit any liability Westlake may owe to Goodrich.  Westlake is not liable to Goodrich for any insurance proceeds Goodrich has already recovered.  Goodrich cannot obtain a "double recovery."

This Court recently held that Goodrich bears the burden of establishing Westlake's indemnity obligations and that Westlake bears the burden of proving the occurrence of the contractual provisions limiting liability, as the assertion of these limiting provisions in an affirmative defense (Docket #662).  In order to recover from Westlake, Goodrich must have incurred remediation costs in excess of the amounts Goodrich has already recovered from its insurers.  Thus, the fact that Goodrich had liability insurance, and the amount of insurance proceeds it has recovered to date is a necessary element of Westlake's burden of proof and such evidence may not be excluded.  If evidence of Goodrich's liability insurance was excluded, this Court would essentially be barring Westlake from meeting its burden of proof, and this is not an acceptable result.

Evidence that some of Goodrich's insurance recoveries were obtained through settlements with its insurers is not barred by Federal Rule of Evidence 408. FED. R. EVID. 408 prohibits the admission of evidence of a settlement only when it is used to "prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Here, evidence that Goodrich recovered some of its insurance proceeds as a result of a settlement would not be introduced to prove that those insurers were liable to Goodrich or that Goodrich had a valid claim for the insurance proceeds. Instead, evidence of the settlements would be introduced merely to show the amount of insurance proceeds Goodrich has recovered, thus limiting any liability Westlake may owe to Goodrich, pursuant to Section 8.4(e) of the 1990 Agreement and Section 8.4(d) of the 1997 PSA.

Likewise, evidence that Goodrich had liability insurance would not be offered upon the issue of whether Goodrich acted negligently or otherwise wrongfully and is not barred by Federal Rule of Evidence 411. Instead, such evidence would be "offered for another purpose," and would be admissible. FED. R. EVID. 411. In order for Westlake to meets is burden of proof, it must establish that Goodrich had liability insurance, and it must establish the amount of insurance proceeds Goodrich has recovered from its insurers.

As the Court informed the parties during the last telephone conference in this matter, the Court intends to bifurcate the proceedings. The issue of allocation, damages, and PolyOne's counterclaim will be tried first. Westlake's defense of waiver, which implicates the insurance issue, shall be tried by the same jury after a verdict is returned on the first issue. Evidence of liability insurance will not be admissible until the trial on Westlake's claimed defense of waiver.

For the foregoing reasons, Goodrich's Motion in Limine is **DENIED.**